# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Ralph A. & Kimberly S. Hargrove,** | )<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **CIVIL ACTION NO.: 21-542** |
| **United States of America,** | )<br>)<br>) |
| **Defendant.** | |

## COMPLAINT FOR REFUND

COME NOW Plaintiffs, Ralph A. Hargrove and Kimberly S. Hargrove ("Plaintiffs"), by and through undersigned counsel, and for their Complaint against the United States of America ("Defendant") allege as follows:

## PARTIES

1. Plaintiffs are residents of Orange Beach, State of Alabama, having an address of PO Box 99, Orange Beach, Alabama 36561.

2. Defendant is the United States of America.

## JURISDICTION AND VENUE

3. This is a suit arising out of the Internal Revenue Code of the United States (the "Code") for the recovery of income tax refunds and other monies wrongfully withheld by the Defendant.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1346 and 26 U.S.C. §7422 in that Plaintiffs are seeking from the Internal Revenue Service (the "IRS") the recovery of taxes and monies wrongfully withheld from the Plaintiffs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1402 in that Plaintiffs reside in this judicial district.

## FACTUAL BACKGROUND

6. During all relevant times hereto, Ralph and Kimberley Hargrove filed joint tax returns.

7. The Plaintiffs previously filed with the Internal Revenue Service Forms 1040, U.S. Individual Income Tax Returns for the tax periods ending December 31, 2014; December 31, 2015; and December 31, 2016, and fully paid all the tax thereon. Copies of the Plaintiffs' Form 1040s for 2014, 2015, and 2016 are attached hereto as *Exhibit A*.

8. Pursuant to §2303 of the Coronavirus Aid, Relief and Economic Security Act of 2020 (the "CARES Act") and §172 of the Code, in November of 2020, Plaintiffs, by and through their accountant, submitted a Form 1045, Application for Tentative Refund, seeking a refund of income tax resulting from a carry back of net operating loss sustained in 2019 to tax years 2014, 2015, and 2016. The Form 1045 was received by the IRS on November 30, 2020, and is attached hereto as *Exhibit B*.

9. As shown on the Form 1045 and in accordance with §2303 of the CARES Act and §172 of the Code, the net operating loss was carried back and applied to tax years 2014, 2015, and 2016, which resulted in Plaintiffs being entitled to a refund for overpayment of Federal Income Tax for the respective tax years in the following amounts:

  a. 2014: $192,976.00

  b. 2015: $413,307.00

  c. 2016: $197,410.00

  d. Total: $803,693.00

10. In accordance with IRS instructions, the Form 1045 was to be processed **within 90 days** of receipt by the IRS to allow the Plaintiffs ample opportunity to make and present any necessary corrections for IRS approval. Accordingly, Plaintiffs expected to receive a response from the IRS related to the Form 1045 no later than February 29, 2021.

11. Despite the IRS's instructions and stated procedure, the only correspondence the Plaintiffs received regarding the Form 1045 was a letter dated April 29, 2021, attached hereto as *Exhibit C* (the "IRS Letter"), approximately **147 days after the Plaintiffs submitted the Form 1045**, stating that the absorption amount was incorrectly calculated on Schedule B-NOL Carryover and that the Plaintiff's charitable contributions had not been refigured after Plaintiffs' income was decreased by the carryback.

12. Upon receipt of the IRS letter, the Plaintiffs' accountant made the requested corrections to the Form 1045. Plaintiffs' accountant applied the corrections which modified the amount of Plaintiffs' refund for overpayment of Federal Income Tax recalculation.

13. The modification resulted in a net increase in refund to the Plaintiffs for the respective tax years, totaling as follows:

    a. 2014: $192,976.00

    b. 2015: $430,437.00

    c. 2016: $183,405.00

    d. Total: $806,818.00

14. Plaintiffs herein timely filed their Administrative Claim for the refund sought in this case.

15. As shown on the attached *Exhibit D*, on June 8, 2021, the Plaintiffs' accountant mailed the corrected Form 1045 to the IRS along with an explanatory letter: (i) notifying the

IRS of the Plaintiffs' intent to obtain a refund, (ii) providing the IRS with notice of the tax year(s) at issue, and (iii) containing a written summary of the Plaintiffs' position with respect to the application for refund (the "Informal Claim").

16.     After filing the Informal Claim on June 8, 2021, the Plaintiffs made numerous attempts to contact the IRS to obtain the status of their request for refund. Despite such efforts, the IRS failed and/or refused to respond to the Informal Claim filed by the Plaintiffs or provide any information regarding the status of their income tax refund.

17.     On August 11, 2021, Plaintiffs' counsel sent Forms 1040X, Amended U.S. Individual Income Tax Returns, for each of the tax years ending December 31, 2014; December 31, 2015; and December 31, 2016, respectively, and a letter to the IRS stating that the Informal Claim sent on June 8, 2021 containing the corrected Form 1045 constituted an informal claim for refund pursuant to the Informal Claim Doctrine, thereby tolling the statute of limitations on the filing of Plaintiffs' refund claim and commencing the statute of limitations for purposes of the six (6) month statutory IRS response period to file a petition in U.S. District Court or U.S. Court of Federal Claims as of June 8, 2021. A copy of the August 11, 2021 letter and the Forms 1040X, Amended U.S. Individual Income Tax Return, for each of the tax years at issue are attached hereto as *Exhibit E* (the "Protective Refund Claim").

18.     The IRS has illegally failed and/or refused to process the Plaintiffs' request for refund or respond to the Informal Claim or Protective Refund Claim within the six (6) month statutory period.

19.     It has now been over **373 days** since the original Form 1045 was received by the IRS. No amounts have been distributed to the Plaintiffs, and no information has been provided

by the IRS pertaining to the status of the Plaintiffs' refund, the Informal Claim, or the Protective Refund Claim.

## COUNT ONE
## DAMAGES PURSUANT TO
## 26 U.S.C. §7422 – CIVIL ACTIONS FOR REFUND

20.  Plaintiffs adopt and incorporate paragraphs 1 through 19 as if fully set out herein.

21.  As stated more fully therein, Plaintiffs are entitled to a refund in the amount of $806,818.00, plus interest as provided by law, due to overpayment of tax for the tax periods ending December 31, 2014, December 31, 2015, and December 31, 2016 and under the Claim of Right Doctrine.

22.  Plaintiffs are the absolute owners of this claim against the Defendant and have made no assignment or transfer of any part thereof.

WHEREFORE, Plaintiffs demand judgment in the amount of $806,818.00, or such other amounts as may be legally refundable, plus interest as provided by law, and for Plaintiffs' costs, attorneys' fees, and such other and further relief as this Court deems appropriate.

**PLAINTIFFS REQUEST A TRIAL BY JURY**

    Respectfully submitted,

    */s/ Allen E. Graham*
    Allen E. "Teeto" Graham
    C. Luke Nixon
    *Attorneys for Plaintiffs Ralph A. Hargrove and Kimberly S. Hargrove*

OF COUNSEL:
**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727

Mobile, Alabama 36652
251 432 4481
Teeto.Graham@phelps.com
Luke.Nixon@phelps.com

**DEFENDANT MAY BE SERVED BY CERTIFIED MAIL RETURN RECEIPT REQUESTED AS FOLLOWS:**

The Honorable Sean P. Costello
U.S. Attorney for the Southern District of Alabama
63 South Royal Street, Suite 600
Mobile, AL 36602

Department of the Treasury
Internal Revenue Service
Austin, TX 73301-0025

The Honorable Merrick B. Garland
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001